# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ZAMPITELLA, et al., | : | |
|     Plaintiffs, | : | CIVIL ACTION |
|     v. | : | |
| | : | |
| BENSALEM RACING ASS'N, et al., | : | |
|     Defendants. | : | NO. 12-2139 |
|     v. | : | |
| | : | |
| TN WARD CO., | : | |
|     Third-Party Defendant. | : | |

## **M E M O R A N D U M**

PRATTER, J.                                                                        JANUARY 24, 2013

      Plaintiffs John and Marta Zampitella have filed suit against a group of entities that own and manage Parx Casino, alleging that Mr. Zampitella fell at the casino due to the defendants' negligence. These defendants subsequently filed a third-party complaint against TN Ward Company, Mr. Zampitella's employer, and TN Ward responded by filing a motion to dismiss that complaint in its entirety. For the reasons set forth below, TN Ward's motion is granted in part and denied in part.

## I.     Background

      On April 18, 2012, Plaintiffs John and Marta Zampitella filed their complaint in this action against the Parx Casino and Bensalem Racing Association, Keystone Turf Club, and Greenwood Gaming and Entertainment, three entities that allegedly manage and own Parx Casino. The complaint alleges that Mr. Zampitella was an employee of the TN Ward Company making a delivery at Philadelphia Park Casino, the predecessor of Parx Casino, when he fell through a hole in a loading dock and was injured. The Zampitellas' complaint also alleges that

the parties are diverse, and brings counts against all four defendants for negligence and loss of consortium.

After answering the original complaint, Parx Casino, Keystone Turf Club, Bensalem Racing Association, and Greenwood Gaming (collectively, the "Casino Parties") filed a three-count third-party complaint against TN Ward. In this complaint, the Casino Parties allege that Greenwood Gaming contracted with TN Ward to renovate the casino, and that Section 9.15 of the contract (which the Casino Parties included as an exhibit to their complaint) contains an indemnification clause. According to the Casino Parties, TN Ward's negligence caused Mr. Zampitella's injuries, and TN Ward breached its contract by failing to indemnify them. Consequently, the Casino Parties seek indemnification and contribution from TN Ward.

On September 14, 2012, TN Ward filed a motion to dismiss the third-party complaint pursuant to Rules 12(b)(5)[1] and 12(b)(6) of the Federal Rules of Civil Procedure. On September 28, 2012, the Casino Parties filed a response to TN Ward's motion.[2]

---

[1] In its motion, TN Ward appears to admit that it was served with a complaint by the Casino Parties, but states that it received neither a summons nor waiver of service forms. The Casino Parties have not responded to these statements. However, despite the Casino Parties' apparent concession that they insufficiently served TN Ward with process, the Court finds that a reasonable prospect exists that proper service can be accomplished. Therefore, the Court will not dismiss the third-party complaint under Rule 12(b)(5), but will retain the case, quash the service made on TN Ward, and give the Casino Parties leave to effect proper service within the next 30 days. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service."); *Parker v. Goichberg*, No. 08-829, 2008 U.S. Dist. LEXIS 105615, at *40 (E.D. Pa. Dec. 29, 2008) (quashing service instead of dismissing complaint when service was defective and defendants moved to dismiss under Rules 12(b)(5) and 12(b)(6)).

[2] The Casino Parties also recently filed a "supplemental response" that appears to rely on information obtained during discovery in order to oppose TN Ward's motion to dismiss. "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. . . . While . . . prior [deposition testimony] constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion."

**II.     Legal Standard**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). The question is not whether the claimant will ultimately prevail but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (citation omitted). An assessment of the sufficiency of a complaint is thus "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must only consider those facts alleged in the complaint and

---

*Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). In their "supplemental response," the Casino Parties fail to even acknowledge this limitation on what a court may consider in ruling on a Rule 12(b)(6) motion, much less explain how the evidence they cite fits within this limitation. In any event, the Casino Parties primarily use their "supplemental response" to support their claim that TN Ward's negligence is solely responsible for Mr. Zampitella's injuries, a claim that (as the Court discusses below) they cannot plead under Federal Rule of Civil Procedure 14(a).

3

accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citation omitted); *see also Twombly*, 550 U.S. at 555 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). Concomitantly, the Court also must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). Nonetheless, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and quotations omitted), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

### III. Negligence Claim

The Casino Parties appear to have brought their third-party complaint under Rule 14(a) of the Federal Rules of Civil Procedure.[3] In Count 1 of their complaint, the Casino Parties allege that TN Ward's negligence is solely responsible for Mr. Zampitella's injuries. However, in federal practice (as distinct from Pennsylvania state court procedures with which counsel may be more familiar) under Rule 14(a) "the defendant cannot plead a claim that the third-party is directly liable to the plaintiff or a claim that the third-party defendant is solely responsible for the plaintiff's injury." *Kohn*, 2012 U.S. Dist. LEXIS 63751, at *11. Instead, a defendant "must plead the secondary or derivative liability of the third-party defendant, meaning that if the defendant is found liable to the plaintiff, the third-party defendant is liable to the defendant on a

---

[3] Although the Casino Defendants describe their complaint as a "joinder complaint," a term used under Pennsylvania law, the Court will follow federal practice and treat their action as a third-party complaint. *Kohn v. Sch. Dist.*, No. 11-109, 2012 U.S. Dist. LEXIS 63751, at *5-6 n.1 (M.D. Pa. May 7, 2012) (construing a "joinder complaint" as a third-party complaint under Rules 7 and 14 of the Federal Rules of Civil Procedure).

theory of indemnity or contribution, or some other form of derivative liability." *Id.* at *11-12. Because the Casino Parties use their negligence claim to plead that TN Ward is directly liable to Mr. Zampitella, the Court dismisses Count 1 of the third-party complaint with prejudice. *See Slater v. Skyhawk Transp., Inc.*, 187 F.R.D. 185, 203 (D.N.J. 1999) ("[A] third party complaint may not set forth a claim of the third party defendant's liability to the plaintiff.") (citations and quotations omitted); *Toberman v. Copas*, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992) ("A defendant sued for negligence, for example, cannot implead a third party whose negligence was totally responsible for [the] plaintiff's injury.") (citations and quotations omitted).

## IV. Contribution Claim

In Count 3 of their complaint, the Casino Parties allege that they have a right to contribution from TN Ward should they be found liable in the underlying lawsuit. In Pennsylvania,[4] "when an employee's injuries are caused by a third party, that party cannot sue the employer for damages, contribution, or indemnity unless the employer expressly agrees to such liability in a written contract." *Yazujian v. Merrell & Garaguso, Inc.*, No. 12-1450, 2012 U.S. Dist. LEXIS 95959, at *7 (E.D. Pa. July 10, 2012) (citing 77 Pa. Cons. Stat. § 481(b)). Here, the Casino Parties fail to identify any written contract in which TN Ward agreed to liability for employee injuries under a theory of contribution.[5] Therefore, the Court will dismiss the Casino Parties' contribution claim with prejudice.

## V. Indemnification Claim

---

[4] The parties appear to agree that substantive Pennsylvania law governs all the claims in the third-party complaint.

[5] In the supplemental response that they filed almost four months after their initial opposition brief, the Casino Parties argue (for the first time) that Section 9.15.2 of their contract permits them to bring indemnification, negligence, and breach of contract claims against TN Ward, but do not contend that this clause allows them to proceed with a claim for contribution. *See* Docket No. 18 at 9-10.

Count 3 of the third-party complaint also brings a claim for indemnification against TN Ward pursuant to the indemnification clause in Section 9.15 of the parties' contract. Preliminarily, the Court notes that "Pennsylvania case law makes clear that, for an indemnification clause to require an employer to indemnify claims brought by the employer's own employees, the clause [may] . . . state that the employer's indemnity obligations are not limited by the protections of the Workers' Compensation Act." *Muth v. Rondel at Atlas Terrace, LLC*, No. 08-476, 2009 U.S. Dist. LEXIS 926, at *9-10 (E.D. Pa. Jan. 8, 2009). Here, the parties' contractual indemnification clause meets this standard, as it states that the "indemnification obligation . . . shall not be limited by a limitation on amount or type of damages, compensation or benefits payable by or for [TN Ward] under workers' compensation acts[.]" In *Integrated Project Servs. v. HMS Interiors, Inc.*, 931 A.2d 724 (Pa. Super. Ct. 2007), the Pennsylvania Superior Court noted that this precise language constituted a "waiver of workers' compensation immunity." *Id.* at 726. Therefore, the Casino Parties may proceed with their indemnification claim because TN Ward waived its statutory immunity for such a claim.[6]

The Court next considers TN Ward's argument that the parties' indemnification clause is unenforceable because it fails to state clearly that TN Ward must indemnify the Casino Parties for their own negligence. In *Greer v. City of Philadelphia*, 795 A.2d 376 (Pa. 2002), the underlying plaintiff sued the Pennsylvania Department of Transportation ("PennDOT"), as well as a contractor and subcontractor hired by PennDOT to remove road signs, after the plaintiff's vehicle was rear-ended while signs were being removed from a highway. *See id.* at 377. The subcontractor signed a contract in which it agreed to indemnify PennDOT and the contractor "from and against claims . . . arising out of . . . performance of the Subcontractor's Work . . . but

---

[6] The Court notes that TN Ward appears to concede this point, as it argues that section 481 of the Pennsylvania Workers' Compensation Act bars the Casino Parties' *negligence* claim, but does not make this same argument with respect to their *indemnification* claim.

only to the extent caused in whole or in part by negligent acts or omissions of the Subcontractor . . . regardless of whether or not such claim[s] . . . [are] caused in part by a party indemnified hereunder." *Id.* After a jury found that all three defendants were negligent, PennDOT and the contractor sought to have the subcontractor indemnify them for their own negligence. *See id.* at 378. The Pennsylvania Supreme Court noted that a contract must use "clear and unequivocal language" to indemnify a party for its own negligence. *Id.* (citations and quotations omitted). The court then held that the contract provided "indemnity . . . *for the amount of damage caused by the indemnitor's negligence*, [but] not for damages attributable to the indemnitee's negligence." *Id.* at 381 (emphasis added).

Here, TN Ward correctly notes that the indemnification clause in *Greer* "mirrors [the language] used in the Contract in the instant matter[.]"[7] Docket No. 15 at 15. However, rather than compelling the Court to dismiss the Casino Parties' indemnification claim, *Greer* establishes that the indemnification clause in this case "require[s] [TN Ward] to provide indemnity from liability for damages that result from [its] negligence." *Greer*, 795 A.2d at 381. In other words, TN Ward's argument that it need not indemnify the Casino Parties for their own negligence is both correct and non-controlling. The Casino Parties have alleged that TN Ward acted negligently, and this allegation, taken together with Section 9.15, sufficiently pleads an indemnification claim under *Greer. See id.* at 379-80 ("[W]e read the second part of the [indemnification] provision . . . to clarify that any contributory negligence by [the indemnitees] will not bar their indemnification for damages due to [the indemnitor's] negligence.").[8]

---

[7] The Casino Parties have not discussed *Greer* in their briefing, even though it is controlling case law and was repeatedly invoked by TN Ward in its motion to dismiss. Going forward, the parties shall respond to each other's arguments in their briefing and must not again ignore case law that binds this Court.

[8] Instead of accepting the truth of the Casino Parties' allegations that it acted negligently, TN Ward contends that "the fault for [Mr. Zampitella's] injury is, pursuant to [Mr. Zampitella's]

7

## VI. Breach of Contract Claim

Count 2 of the third-party complaint alleges that TN Ward breached its contract with the Casino Parties by failing to indemnify them. However, the Casino Parties have failed to allege facts suggesting that, at this stage of the parties' dispute, TN Ward has breached its contractual duty to indemnify them or anticipatorily done so through a "'definite and unconditional repudiation'" of the indemnification clause. *See Tri-State Prof'ls, Inc. v. Smith Barney*, No. 07-1220, 2008 U.S. Dist. LEXIS 20342, at *12 (M.D. Pa. Mar. 12, 2008 ) (quoting *Jonnet Dev. Corp. v. Dietrich Indus., Inc.*, 463 A.2d 1026, 1031 (Pa. Super. Ct. 1983)). Therefore, the Court will dismiss Count 2 of the third-party complaint without prejudice.

## IV. Conclusion

For the foregoing reasons, the Court denies TN Ward's Rule 12(b)(6) motion to dismiss with respect to the Casino Parties' indemnification claim, grants the motion with prejudice as to the claims for negligence and contribution, and grants the motion without prejudice with respect to the claim for breach of contract. Additionally, the Court denies the motion to dismiss under Rule 12(b)(5) and will instead quash service and give the Casino Parties 30 days to effect proper service on TN Ward.

An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

allegations, wholly the [Casino Parties']." Docket No. 15 at 12. However, the Third Circuit Court of Appeals has held that when an injured person cannot sue his employer due to workers' compensation laws, "[t]he mere absence of allegations of negligence against [the indemnitor] in the underlying suit does not negate [the indemnitor's] obligation to defend and indemnify" an indemnitee. *Kiewit E. Co. v. L&R Constr. Co.*, 44 F.3d 1194, 1200 (3d Cir. 1995).